**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
"IN ADMIRALTY"**

**Case No.**

SSI Lubricants LLC d/b/a SSI Petroleum, a Florida
Limited Liability Company

    Plaintiff,

v.

M/S "Monarch Countess", a 2010 110-meter passenger ship,
her engines, tackle, appurtenances, spares and
equipment appertaining whether onboard or not, *in rem*,
Teeters Agency and Stevedoring Inc.,
a Florida corporation, *in personam*

    Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff, SSI Lubricants LLC d/b/a SSI Petroleum, (hereinafter "Plaintiff"), by and through undersigned counsel, hereby submits this Verified Complaint against Defendants M/S "Monarch Countess" (hereinafter "the Vessel"), a 2010 one hundred ten meter passenger ship, her engines, tackle, appurtenances, spares and equipment appertaining whether onboard or not, *in rem*, and Teeters Agency and Stevedoring Inc. ("Teeters"), *in personam*, (hereinafter the "Defendants"), and in support Plaintiff avers the following:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This is an action within the court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1) in that this case involves the breach of a maritime contract for the payment of fuel.

3. Specifically, this is an action to foreclose on a maritime lien for bunkers provided but not paid for to M/S MONARCH COUNTESS.

4. Additionally, this is an action to enforce a maritime lien which arose by operation of law out of a contract between SSI Lubricants LLC and Teeters Agency and Stevedoring, Inc. (hereinafter "Teeters").

5. Venue is proper in the Southern District as a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction and/or a substantial part of the property that is the subject of the action is situated here.

6. The vessel at issue here is or will be in this district during the pendency of this action.

## THE PARTIES

7. Plaintiff, SSI LUBRICANTS LLC D/B/A SSI PETROLEUM ("SSI"), is a Florida limited liability company located at 5131 Recker Highway, Winter Haven, Florida 33880.

8. Defendant, M/S MONARCH COUNTESS is a model year 2010 one hundred ten meter passenger ship.

9. Defendant, TEETERS AGENCY AND STEVEDORING, INC., is a Florida corporation located at 301 Broadway, Ste 202, Riviera Beach, Florida 33404.

## RELEVANT FACTS

10. This litigation concerns Plaintiff's petition for a vessel arrest warrant against Defendant for purposes of recovering fuel and payment for the fuel provided.

11. Defendant, Teeters, is in breach of its obligation to pay for the fuel aka bunkers under the express terms of the Credit Application ("the Agreement") executed between Plaintiff and Teeters Agency and Stevedoring, Inc. on or about August 16, 2018. *See Credit Application Agreement* attached as **Exhibit 1**.

12. According to the agreement, Teeters "guarantees payment of all goods and/or services purchased from SSI Petroleum…" *See id.* Additionally, "[Teeters] also guarantees payment of all late charges, attorney fees, and collection costs imposed or incurred by SSI Petroleum…as a result of payments not being timely made." *Id.*

13. The Agreement provides, "it is understood that should the balance due become past due, said balance will accrue late charges as the rate of 1.5% per month, or the highest rate permitted by law until payment." *Id.*

14. Teeters was loaned a 500-gallon tank, to be auto-filled based on average daily usage. Said tank was refilled and Teeters was subsequently invoiced for 228 gallons of dyed diesel in the amount of $662.89[1], payment due February 15. *See Jan. 31 Invoice* attached as **Exhibit 3**

15. On or about February 4, 2022, Teeters' agent, Kevin Teeter, ordered "3 trucks of fuel ASAP if possible" from Plaintiff[2]. Plaintiff delivered fuel to the Vessel on February 5, 2022.

16. Plaintiff subsequently invoiced Defendant for 22,416 gallons of dyed diesel, in the amount of $69,521.41, payment due February 25. *See Feb. 5 Invoice* attached as **Exhibit 4.**

---

[1] Teeters subsequently made a partial payment of $16.84 on February 4, reducing the outstanding balance on this invoice to $646.05.
[2] See Email Correspondence effecting the order. *See Email Order* attached as **Exhibit 2**.

17. Specifically, Defendants are non-compliant with the payment terms imposed by the Agreement.

18. To date, Teeters has not responded to Plaintiff's requests for payment regarding the current balanced owed.

**COUNT I- MARITIME LIEN FORECLOSURE ACTION AGAINST M/S MONARCH COUNTESS PURSUANT TO TITLE 46 U.S.C. §31326**

19. Plaintiff re-alleges the facts in paragraphs 1 through 18 of the Verified Complaint as if fully set forth herein.

20. SSI has a preferred maritime necessaries lien against the M/S MONARCH COUNTESS pursuant to Title 46 U.S.C. §31342 and the Agreement. *See* **Exhibit 1**.

21. As of the filing of this complaint, the Defendants owe Plaintiff $71,229.81.[3]

22. Title 46 U.S.C. §§ 31326, 31342 provides Plaintiff a statutory cause of action to foreclose its preferred maritime necessaries lien against the Vessel through this in rem action.

---

[3] According to the Agreement, if payment is to become past due, the balance will accrue late charges at the rate of 1.5% per month. According to the statements, the $646.05 (originally 662.89) was first due on 2/15. *See* **Exhibit 3**. The $69,521.41 was first due on 2/25. *See* **Exhibit 4**. Therefore, the total amount due should be: $71,229.81 (rounded to the nearest tenth).

$646.05 x .015= $9.69075

$646.05+$9.69075= $655.74075 (As of 3/15)

$655.74075 x .015=$9.83611125

$655.74075+$9.83611125= $665.57686125 (As of 4/15)

$69,521.41 x .015=$1,042.82115

$69,521.41+$1042.82115=$70,564.23115 (As of 3/25)

$70,564.231115+$665.57686125=$71,229.81

23. Plaintiff invokes Supplemental Admiralty Rule C to obtain a warrant of arrest in rem for the Vessel so it may be arrested and brought within this Court's jurisdiction.

24. Plaintiff is entitled to recover court costs, including the custodial legis expenses (e.g. U.S. Marshal's fees/ expenses and substitute custodian's fees and expenses) pursuant to 28 U.S.C §§ 1920, 1921.

25. Plaintiff is further entitled to recover court costs, custodial legis expenses, and attorney's fees and costs pursuant to the terms of the Agreement. *See* **Exhibit 1**

WHEREFORE, the Plaintiff, SSI LUBRICANTS LLC, prays for the following:

   a. That the Court issue a warrant of arrest in rem for M/S MONARCH COUNTESS, and have the U.S. Marshal arrest the Vessel;

   b. That the Court direct the manner in which SSI shall give notice of this action to the owner, master ranking officer, and/or manager of the in rem Defendant Vessel, and to any persons, firms, or corporations having interest therein;

   c. That the Court order all persons claiming any interest in the Vessel to appear and answer the matters aforesaid;

   d. That the Court declared SSI has a preferred maritime lien for necessaries ad that it is a valid and substituting lien upon the Vessel

   e. If appropriate, that the Court declare SSI's preferred maritime necessaries lien as superior in interest to a preferred ship mortgage pursuant to Title 46 U.S.C. § 31326(b)(2);

   f. That the Court declare SSI's preferred maritime necessaries lien as superior in interest to other liens, claims, or interests that may be asserted against the Vessel in this suit;

5

g. That the Court decree all persons, firms, and corporations claiming any interest in the Vessel who fail to intervene in this suit are forever barred and foreclosed of all right or equity redemption, or claim of, in or to said Vessel;

h. That the court enter judgement in favor of SSI LUBRICANTS, LLC against M/S MONARCH COUNTESS for the outstanding debt owed for necessaries that SSI provided to the Vessel; plus pre-judgment interest; and court costs, including attorney's fees and costs and *custodia legis* expenses;

i. That the court condemn M/S MONARCH COUNTESS and order it sold at auction by the U.S. Marshal to pay the *in rem* judgement awarded to SSI;

j. That the court allow SSI to credit bid up the amount of its judgment at the Marshal's sale of the Vessel;

k. That the court decree that SSI shall be the only judgment creditor allowed to credit bid its judgment at the Marshal's sale because it holds the highest-ranking lien against the Vessel by operation of the applicable Maritime Lien Act, general maritime law, and/or equitable subordination;

l. That if the Curt enters judgment in favor of the other parties holding maritime liens, which are subordinate to SSI's necessaries lien, that the Court decree the subordinate judgment creditors must pay and satisfy SSI's judgment before the Marshal's sale to obtain the Court's authority to credit bid their judgment;

m. That the Court reserve jurisdiction to award SSI a deficiency or supplemental judgment against the *in personam* Defendants in the event the Vessel's sale does not produce sufficient funds to fully satisfy SSI's judgment; and

    n. For any other relief which justice requires or may be deemed appropriate by this Court.

## COUNT II- BREACH OF MARITIME CONTRACT AGAINST TEETERS AGENCY AND STEVEDORING INC.

26. Plaintiff re-alleges the facts in paragraphs 1 through 25 of the Verified Complaint as if fully set forth herein.

27. All conditions precedent have been met or waived.

28. Defendant, Teeters, breached the terms of the Agreement by failing to timely pay the amounts due for fuel. *See* **Exhibits 1, 3, and 4**.

29. Defendant, Teeters, continues to breach the terms by failing to timely pay the late fees in addition to the outstanding fuel costs.

30. As of the filing of this complaint, the Defendants owe the Plaintiff $71,229.81.[4]

31. Plaintiff is entitled to recover any and all expenses to enforce the Agreement, including court costs, attorney's fees, and costs. *See* **Exhibit 1.**

WHEREFORE, Plaintiff, SSI PETROLEUM LLC, prays for the Court to enter a final judgment in its favor against *in personam* Defendant, Teeters Agency and Stevedoring Inc., and requests the Court award Plaintiff damages, prejudgment interest, court costs, and such further relief as the Court may deem proper.

Dated: April 22, 2022        Respectfully Submitted,

                                        **MOORE & COMPANY, P.A.**
*Counsel for Plaintiff*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Email: michael@moore-and-co.com

s/ Michael T. Moore
Michael T. Moore, Esq.
Florida Bar No. 207845

---

[4] See footnote 3 for calculation.

## VERIFICATION

STATE OF FLORIDA        )
                        )ss:
COUNTY OF Palm Beach    )

1. I, Robert Warnick, duly sworn, deposes and says:

2. I am the Chief Financial Officer of SSI Lubricants LLC, d/b/a SSI Petroleum, the Plaintiff described in the foregoing claim. I have read the claim the claim and know the contents thereof, and the same is true to my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters I believe it to be true.

Signed: _____

Printed Name: Robert Warnick

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2022.

Signed: _____

Printed Name: Robert Warnick