UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
IN ADMIRALTY

SSI Lubricants, LLC d/b/a SSI Petroleum

 Plaintiff,

v.

M/S MONARCH COUNTESS, a 2010 110 meter passenger ship, her engines, tackle, appurtenances, spares and equipment appertaining whether onboard or not, *in rem*, TEETERS AGENCY and STEVEDORING, Inc., a Florida Corporation, *in personam*

 Defendants.
_____/

PORT OF PALM BEACH DISTRICT,

 Intervening Plaintiff

v.

M/S MONARCH COUNTESS, a 110 meter cargo ship, IMO Number 7500736, her engines, tackle, appurtenances, spares and equipment appertaining whether onboard or not, *in rem,*

 Defendant.

CASE NO. CASE NO. 9-22-cv-80634-AMC

**MOTION FOR FINAL DEFAULT SUMMARY JUDGMENT**

 COMES NOW, Intervening Plaintiff, PORT OF PALM BEACH DISTRICT ("PORT"), by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Local Rule 7.1 and files this Motion for Final Default Judgment , and represents the following:

CASE NO. CASE NO. 9-22-cv-80634-AMC

## STATEMENT OF FACTS

1. On or about April 28, 2022, Intervening Plaintiff, intervened as of right in the above styled action against M/S MONARCH COUNTESS, a 110 Meter Cargo Ship, IMO Number 7500736, her engines, tackle, rigging, dinghies, equipment, appurtenances, furniture, etc. ("Vessel") *in rem* asserting claims for necessaries. *See Verified Intervening Complaint.* Doc. No. 6.

2. On May 9, 2022, this Court also issued process against the Vessel in the form of a Warrant of Arrest In Rem. Doc. No. 12.

3. On or about Saturday May 14, 2022, in accordance with Rule C of the Supplemental Admiralty Rules, the United States Marshal for the Southern District served the Vessel M/S MONARCH COUNTESS with process, including the warrant of arrest *in rem*, and the Complaint, arrested the Vessel, and placed it in the custody of the Substitute Custodian. Doc. No. 13.

4. Pursuant to Local Admiralty Rule C(6), the owner was required to file and serve a claim of owner within 14 days of the arrest, on or before May 31, 2022 (due to the weekend and a federal holiday). Thereafter, owner was required to file and serve an answer within 21 days, on or before June 21, 2022. No claim of owner or answer was served on undersigned counsel or filed.

5. Publication of the notice of action *in rem* was made on June 9, 2022. See Doc. No. 24. Intervening Plaintiff also took additional steps providing notice to the owner of the arrest *in rem* in compliance with this Court's Order. See Doc. No. 25.

6. On July 5, 2022, this Court Granted Intervening Plaintiff's Motion for Interlocutory Sale.

7. On August 10, 2022, the Vessel was sold via interlocutory sale to the Intervening Plaintiff for $5,000.00 U.S. Dollars. Doc. No. 47. The sale was confirmed on August 25, 2022. Doc. No. 53.

8. On August 19, 2022, a Clerk's Default was entered against M/S MONARCH COUNTESS. Doc. No. 50.

9. As of May 13, 2022, the day before the Vessel was taken into custody of the Court through the Substitute Custodian, Intervening Plaintiff PORT OF PALM BEACH is owed for necessaries in the amount of **$476,093.82**. See Declaration of Michael Williams, attached hereto as **EXHIBIT "A."**

10. Michael Williams is the Director of Finance of PORT OF PALM BEACH DISTRICT ("PORT") and is familiar with the Defendant Vessel, M/S MONARCH COUNTESS, a 110 Meter Cargo Ship, IMO Number 7500736, her engines, tackle, rigging, dinghies, equipment, appurtenances, furniture, etc., at least to the extent of her size, type, construction, material and apparent condition. *Id.*

11. As director of the PORT's Finance, Mr. Williams is familiar with the rates and charges found at other municipal Ports in the State of Florida for services similar to those rendered to the M/S MONARCH COUNTESS. *Id.*

12. Mr. Williams avers that the Port of Palm Beach provided necessaries to the M/S MONARCH COUNTESS in the form of dockage, water, hot work, Harbor Master Fees, Gangway Watch, Security, waste disposal and Wharfage guarantees, in the total amount of $476,093.82  See also Monarch Shipping Account Detail Balance attached to his Declaration as **EXHIBIT "1."**  See also Summary of Advances Invoices attached as **EXHIBIT "2"** and Invoices attached as **EXHIBIT "3."**

13. The M/S MONARCH COUNTESS is a 110 Meter (approximately 360 foot) cargo Vessel. The ordinary and customary rates for dockage in the port by a cargo vessel is $7.77 per foot per day, or $2,797.20 per day.  The per diem rate is in line with what other Ports charge for dockage for similarly sized cargo vessels.  *See EXHIBIT "A."*

14. The total dockage provided to the Vessel on the order of the owner which is due and owing is $321,678.00.  In addition, the PORT provided on the order of the owner or master of the Vessel $883.20 in water, a hot work (welding) permit for $104.00, Harbor Master Fees of $170.00, Gangway Watch in the amount of $50,784.00, Security Fees in the amount of $19,300.67, Monthly Wharfage Guarantees in the amount of $15,008.97.  *See EXHIBIT "A." See Also, EXHIBITS 1, 2 and 3.*

15. Additionally, the PORT made necessaries advances for security, waste management and berthing of the Vessel in the amount of $68,164.98.  *Id.*  The security and emergency response agreements were also required by the Coast Guard as the Vessel had been deemed an operational hazard prior to its arrest.  See, Letter from Captain of the Port Order dated April 15, 2022, e.g., Doc. No. 14-1 at Page 5 of 26.

16. The charges totaling **$476,093.82** for the services and advances rendered to and on behalf of the M/S MONARCH COUNTESS were reasonable and necessary.  *Id.*

17. For reasons to be explained in detail below, the Court should grant the instant motion.

## **MEMORANDUM OF LAW**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Imaging Bus. Mach., LLC. v. BancTec, Inc*., 459 F.3d 1186, 1189 (11th Cir.2006) (*citing*

4

*Fed.R.Civ.P. 56(c)*). In deciding a summary judgment motion, the court must view all the evidence and make all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (*citing Cruz v. Public Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir.2005). A material fact is one that might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987); Cohan v. Sparkle Two, LLC, 309 F.R.D. 665, 666 (M.D. Fla. 2015).

46 U.S.C. § 31342 provides in relevant part as follows:

> … a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner-
>
> > (1) has a maritime lien on the vessel;
> >
> > (2) may bring a civil action in rem to enforce the lien; and
> >
> > (3) is not required to allege or prove in the action that credit was given to the vessel.

<u>Id</u>. The FMLA grants a maritime lien to a party that provides necessaries to a vessel. § 31342. "A maritime lien is a 'special property right in a ship given to a creditor by law as security

for a debt or claim subsisting from the moment the debt arises.' " *Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267 (11th Cir. 2006) (quoting *Galehead, Inc. V. M/V Anglia*, 183 F.3d 1242, 1247 (11th Cir. 1999)). Maritime liens differ from other common law liens in that a maritime lien is "not simply a security device to be foreclosed if the owner defaults"; rather, a maritime lien converts the vessel itself into the obligor and allows injured parties to proceed against it directly. *See Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 868 (11th Cir. 2010) (citation omitted). "In other words, '[a] maritime lien gives its holder a properly right in a vessel, and the proceeding in rem is ... a means of enforcing the property right.' " Id. (citation omitted).

For a party to establish a maritime lien in a vessel: (1) the good or service must qualify as a "necessary"; (2) the good or service must have been provided to the vessel; (3) on the order of the owner or agent; and (4) the necessaries must be supplied at a reasonable price. , IMO No. 9215359, 876 F.3d 1063, 1068 & n.5 (11th Cir. 2017)

In the instant case, there is no genuine issue of material fact that Intervening Plaintiff held a valid and subsisting maritime lien for necessaries and advances on behalf of the M/S MONARCH COUNTESS (and in turn now holds a valid and subsisting lien on the proceeds from the interlocutory sale which are now substituted as the *res*), that the Defendant is in default having failed to make payments when due, and that Plaintiff is entitled to a final default judgment as a matter of law. *See EXHIBIT "A."*. There is also no genuine issue of material fact that Plaintiff is owed, as of May 13, 2022, **$476,093.82** , plus per diem interest thereafter at the statutory rate, plus costs.

CASE NO. CASE NO. 9-22-cv-80634-AMC

E-mail: ireich@nasonyeager.com

msmith@nasonyeager.com

*Co-counsel for Plaintiff, the Port*

BY: /s/   Ivan J. Reich
Ivan J. Reich
Fla. Bar No. 778011
John J. Fumero
Fla. Bar No. 716596

FOWLER WHITE BURNETT, P.A.
200 East Las Olas Boulevard
Suite 2000 - Penthouse B
Fort Lauderdale, Florida 33301
Telephone:   (954) 377-8100
Facsimile:    (954) 377-8101
Email: acooke@fowler-white.com
Email: rmcintosh@fowler-white.com

BY: /s/   Adam B. Cooke
Adam B. Cooke
Fla. Bar No. 634182
Robert D. McIntosh
Fla. Bar No. 115490

*Co-counsel for Plaintiff, the Port*

7

CASE NO. CASE NO. 9-22-cv-80634-AMC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Adam B. Cooke
Adam B. Cooke

8

CASE NO. CASE NO. 9-22-cv-80634-AMC

# SERVICE LIST

CASE NO. 9-22-cv-80634

John A. Turner, Esq.
Saul, Ewing, Arnstein & Lehr LLP
515 N Flagler Dr Ste 1400
West Palm Beach, FL 33401-4334
[john.turner@saul.com](mailto:john.turner@saul.com)

Counsel for Owner

Via E-Mail

Monarch Shipping Co. Ltd.,
c/o Christine Teeter and William Teeter
16280 East Cornwall Drive
Loxahatchee, FL 33470

Via U.S. Mail, U.S. Mail Certified Return Receipt